## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RUTH WALKER,                )
                            )
    Plaintiff,          )
                            )
v.                          )       CIVIL ACTION FILE NO.
                            )       _____
TRANS UNION, LLC,           )
                            )       **JURY TRIAL DEMANDED**
    Defendant.          )

## COMPLAINT

Plaintiff, Ruth Walker, by counsel, hereby files her Complaint against TransUnion, LLC ("Defendant" or "TransUnion") as follows:

## INTRODUCTION

1.     This is an action for actual, statutory, and punitive damages, attorney's fees and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

2.     Plaintiff is an individual, a resident of the State of Georgia, and a "consumer" under 15 U.S.C. § 1681a(c).

3.     Plaintiff is the victim of identity theft.  Defendant has reported numerous accounts, addresses, telephone numbers, and other information on Plaintiff's credit file that does not belong to her.  Defendant has also provided

Plaintiff's consumer report to numerous third parties that did not have a permissible purpose to receive it.

4.     Plaintiff disputed the inaccurate information and Defendant deleted some, but not all, of it from her credit file.  Defendant completely, and willfully, refused to reinvestigate some of the fraudulent information.

5.     Defendant is a Delaware Limited Liability Company.  Defendant is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).  Defendant is authorized to transact business in the State of Georgia, is subject to the jurisdiction of this Court, and may be served with process by serving its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA  30092.

6.     The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically the FCRA, 15 U.S.C. § 1681, et seq.

7.     Venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1B(1) and (3).

## FACTUAL ALLEGATIONS

8.     Plaintiff lives and works in Ellenwood, Georgia.

9.     Plaintiff reviewed the credit file Defendant maintains for her and noticed numerous false and inaccurate items of information including, but not limited to, the following:  (i) 7 addresses where Plaintiff had never lived; (ii) 11

2

telephone numbers that did not belong to Plaintiff; (iii) fraudulent accounts with Caine & Weiner; Capital One; Continental Finance Company; FEB Destiny; FEB-Retail; GS Bank USA; Jefferson Capital System (2 accounts); LVNV Funding; Mission Lane/TAB Bank; and Portfolio Recovery; (iv) the name "Zach" which has never been Plaintiff's name nor used by her to apply for credit; (v) a partial Social Security Number that was not Plaintiff's Social Security Number; and (vi) over sixty (60) instances where Defendant had violated Plaintiff's privacy by providing her confidential credit report to third parties with whom she had not applied for credit and otherwise had no permissible purpose for obtaining her report (collectively the "Inaccurate Information").

10.    In April 2024, Plaintiff disputed the Inaccurate Information with Defendant via certified mail.  She even took the time and effort to have a police report made with the Clayton County Police Department explaining that the Inaccurate Information did not belong to her and sent it to Defendant along with her dispute letter ("Plaintiff's Dispute").

11.    Defendant received Plaintiff's Dispute, including the police report.

12.    In partial response to Plaintiff's Dispute, Defendant sent Plaintiff a letter dated April 30, 2024, stating that it had deleted the FEBDestiny inquiry from her credit report because it was the result of what was "deemed a fraudulent

application."   (The "FEB Letter").   At this point, Defendant was aware, and expressly acknowledged, that fraud had occurred in relation to Plaintiff's credit file.

13.    In further response to Plaintiff's Dispute, Defendant sent Plaintiff correspondence dated May 15, 2024, wherein Defendant stated, in part, that "[o]our investigation of the dispute you submitted is now complete."  ("Defendant's Results Letter").

14.    In Defendant's Results Letter, Defendant advised Plaintiff that it had deleted the following accounts: Caine & Weber; FEB Destiny; FEB Retail; GS Bank USA; Jefferson Capital System (2 accounts).  Defendant's deletion of these accounts was further acknowledgement by Defendant that fraud had occurred in relation to Plaintiff's credit file.

15.    In Defendant's Results Letter, Defendant advised Plaintiff that the following items were "verified as accurate":  Capital One; Continental Finance Company; LVNV Funding; Mission Lane/TAB Bank; and Portfolio Recovery.  This was false.  These accounts were inaccurate and did not belong to Plaintiff.

16.    In Defendant's Results Letter, Defendant further advised Plaintiff that it had made changes to the telephone numbers and an address on her credit report.

17.    In Defendant's Results Letter, Defendant did not comment at all on the disputed account reviews that Plaintiff had disputed in Plaintiff's Dispute.

18.     Defendant did not contact Plaintiff to ask her for additional information before it completed its reinvestigation of Plaintiff's Dispute.

19.     Defendant did not contact the Clayton County Police Department to ask it for additional information before it completed its reinvestigation of Plaintiff's Dispute.

20.     Defendant did not undertake any reinvestigation of the account reviews that were included in Plaintiff's Dispute.

21.     Because Plaintiff's disputes provided proof of her identity, informed Defendant that she was a victim of identity theft, provided an identity theft report(s), and advised that the subject accounts and other disputed and inaccurate information were not hers, Defendant was obligated under 15 U.S.C. § 1681c-2 to block all information regarding the Inaccurate Information from consumer reports regarding Plaintiff and notify the furnishers of information regarding the fraudulent accounts that (i) the information they had furnished may be the result of identity theft, (ii) an identity theft report had been filed, (iii) a block had been requested and (iv) the effective dates of the block.

22.     Unfortunately, Defendant failed to implement a block on the reporting of information regarding the fraudulent accounts as required by 15 U.S.C. § 1681c-2.

23.    As a result of Defendant's violations of the FCRA, inaccurate and derogatory information remained on Plaintiff's consumer reports.

24.    As a proximate result of Defendant's violations of the FCRA, Plaintiff has suffered actual damages, including but not limited to: (i) time and effort to review her credit reports maintained by Defendant and dispute the inaccurate information Defendant is reporting about her, (ii) lowered credit scores; (iii) emotional distress and worry; (iv) lost sleep; (v) the postage expense of sending credit disputes to Defendant; (vi) time and effort to file a police report; (vii) invasion of her privacy due to Defendant's providing her credit report to over 60 third parties that did not have a permissible purpose for it; (viii) credit denials; and, (ix) other damages to be proven at trial.

### Count 1 – Violation of 15 U.S.C. § 1681i(a)

25.    Defendant negligently, or in the alternative recklessly and willfully, violated 15 U.S.C. § 1681i(a) by failing to conduct reasonable reinvestigations of the Plaintiff's disputes of the Inaccurate Information as alleged in Paragraphs 9-23 above.

26.    As a proximate result thereof, Plaintiff has suffered and is entitled to recover actual damages as alleged in Paragraph 24 above in an amount to be proven at trial as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

27. In the alternative and as a result of Defendant's reckless and/or willful violations of 15 U.S.C. § 1681i(a), Plaintiff is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

28. As a result of Defendant's reckless and/or willful violations of 15 U.S.C. § 1681i(a), Plaintiff is also entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

29. Plaintiff is also entitled to recover her costs of this action and reasonable attorney's fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

## Count 2 – Violation of 15 U.S.C. § 15 U.S.C. § 1681c-2

30. Defendant negligently, or in the alternative recklessly and willfully, violated 15 U.S.C. § 1681c-2 by failing to place a block on the Inaccurate Information as alleged above.

31. As a proximate result thereof, Plaintiff has suffered and is entitled to recover actual damages as alleged in Paragraph 24 above in an amount to be proven at trial as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

32. In the alternative and as a result of Defendant's reckless and willful violations of 15 U.S.C. § 1681c-2, Plaintiff is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

33.     As a result of Defendant's reckless and willful violations of 15 U.S.C. § 1681c-2, Plaintiff is also entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

34.     Plaintiff is also entitled to recover her costs of this action and reasonable attorney's fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

## Count 3 – Violation of 15 U.S.C. § 1681b

35.     Defendant negligently, or in the alternative recklessly and willfully, violated 15 U.S.C. § 1681b by providing Plaintiff's consumer reports to over 60 third parties that did not have a permissible purpose for it for any of the reasons set forth in Section 1681b of the FCRA and as set forth above.

36.     As a proximate result thereof, Plaintiff has suffered and is entitled to recover actual damages as alleged in Paragraph 24 above in an amount to be proven at trial as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

37.     In the alternative and as a result of Defendant's reckless and willful violations of 15 U.S.C. § 1681e(b), Plaintiff is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

38.     As a result of Defendant's willful violations of 15 U.S.C. § 1681e(b), Plaintiff is also entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

39.     Plaintiff is also entitled to recover her costs of this action and reasonable attorney's fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

WHEREFORE, Plaintiff respectfully prays that the Court:

1.     Issue process to Defendant;

2.     Conduct a trial by jury of all claims asserted herein;

3.     Enter judgment in favor of Plaintiff as consistent with the jury's verdict; and,

4.     Grant Plaintiff such other and further relief as it deems just and necessary.

This 3rd day of June, 2024.

*/s/ John A. Love*
John A. Love
Ga. Bar No. 459155
**Love Consumer Law**
2500 Northwinds Parkway, Suite 330
Alpharetta, GA 30009
Tel: 404.855.3600
Fax: 404.301.2300
tlove@loveconsumerlaw.com

Counsel for Plaintiff